# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 04-00175-01-CR-W-FJG |
| ) | |
| NORMA D. MANKE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On March 30, 2012, the United States filed its Motion for Declaratory and Injunctive Relief against Norma Manke and Others in which it requests the Court to declare as null, void and of no legal effect, certain documents filed by Norma and Dwayne Manke in the Register of Deeds, Rice County, Kansas, against the five tracts of land, legally described herein, for which this Court issued a writ of execution and which have been sold by the United States. The United States further requests the Court to enjoin Norma and Dwayne Manke, and any other persons acting on their behalf, or in concert or participation with them, from filing any documents asserting ownership, possessory or any other interest in the five tracts of land, unless granted leave by this Court first, and to advise them that they may be subject to contempt of this Court if they file any such documents against those properties in the future without leave of this Court.

On May 14, 2012, defendant Norma Manke filed a Pro Se Motion to Dismiss the Case in response to the Motion for Declaratory and Injunctive Relief (Doc. # 88).

1

The Court, having examined the file and pleadings in this case, finds the following:

1. On February 22, 2005, a restitution judgment was entered by this Court in favor of Plaintiff, United States of America, against Defendant Norma Manke, in the total sum of $1,010,950.75 (Doc. 12). Interest was waived and she was ordered to pay the judgment in full immediately.

2. Norma Manke filed a motion seeking relief from the restitution judgment on April 19, 2007 (Doc. 20), which was denied by this Court on June 5, 2007 (Doc. 22).

3. Pursuant to 28 U.S.C. § 3203, the United States applied for a writ of execution on November 5, 2007, upon the following five tracts of real property in Rice County, Kansas, in order to collect the restitution judgment:

> Tract 1:
>
> The Southwest Quarter (SW/4) of Section Twenty (20), Township Eighteen (18) South, Range Ten (10) West of the Sixth Prime Meridian, in Rice County, Kansas.
>
> Tract 2:
>
> The South half of the Southeast Quarter (SE/4) of Section Six (6), Township Nineteen (19) South, Range Ten (10) West of the Sixth Prime Meridian, except a tract commencing at the Southwest corner of the said Southeast Quarter (SE/4), running thence North, along the West line of said Southeast quarter (SE/4), Five Hundred Fifty-one feet (551'); thence East, parallel with the South line of said Southeast quarter (SE/4), Nine Hundred Sixty-one feet (961'); thence South parallel with the West line of said Southeast quarter (SE/4), Five Hundred Fifty-one feet (551'); thence West along the South line of said Southeast quarter (SE/4), Nine Hundred Sixty-one feet (961'); to the place of beginning, in Rice County, Kansas.

> Tract 3:
>
> The North half of the Northeast Quarter (NE/4) of Section Seven (7), Township Nineteen (19) South, Range Ten (10) West of the Sixth Prime Meridian, in Rice County, Kansas.
>
> Tract 4:
>
> The Northeast Quarter (NE/4) of Section Twenty-one (21), Township Eighteen (18) South, Range Ten (10) West of the Sixth Prime Meridian, in Rice County, Kansas.
>
> Tract 5:
>
> The Southwest quarter (SW/4) of Section Thirty (30), Township Eighteen (18) South, Range Ten (10) West of the Sixth Prime Meridian, in Rice County, Kansas, excluding the residence of Norma D. and Dwayne Manke, the two farm buildings and the land upon which the residence and farm buildings sit, not to exceed five acres.

(Doc. 23). On December 14, 2007, the United States filed a First Amended Application For a Writ of Execution to add Danway Enterprises as an interested party because the United States had confirmed from the Rice County, Kansas Register of Deeds that Danway Enterprises was the title holder of all five tracts (Doc. 26).

4. After lengthy litigation caused by objections filed by Norma Manke, the Court entered an order granting the United States' First Amended Application for a Writ of Execution on May 29, 2008 (Doc. 43) and on the same date issued the Writ of Execution directing the United States Marshal for the District of Kansas to levy upon and sell the five tracts of real property. The sale of the subject properties was delayed again by litigation by Norma Manke contesting the writ of execution and the criminal judgment, which ultimately ended in a

3

summary affirmance of the Court's order by the Eighth Circuit Court of Appeals on November 24, 2009. Because of the pending litigation, the United States could take no action to sell the properties.

5. Dwayne Manke and other parties/entities that might have an interest in the properties were served notice of the United States' Application for a Writ of Execution and First Amended Application, but neither Dwayne Manke nor anyone else contested the applications or the order issuing the writ of execution with this Court. Only Norma Manke contested the issuance of the writ of execution in this Court.

6. Pursuant to the Court's Order granting the writ of execution, the United States obtained a survey to take out five acres of Tract 5 to allow Norma Manke and her husband Dwayne Manke to retain their residence, two outbuildings and five acres. The legal description for Tract 5 after surveying out those five acres is as follows:

> Lots 3 and 4 and the East Half (E ½) of the Southwest Quarter (SW 1/4), also described as the Southwest Quarter (SW 1/4) of Section 30, Township 18 South, Range 10 West of the 6th P.M., Rice County, Kansas.
>
> LESS AND EXCEPT a portion of the Southwest Quarter of Section 30, Township 18 South, Range 10 West of the 6th P.M., Rice County, Kansas, more particularly described as follows: Beginning at the Northwest corner of the Southwest Quarter of Section 30, Township 18 South, Range 10 West of the 6th P.M.; thence with an assumed bearing of North 89 degrees 29 minutes 15 seconds East along the North line of said Southwest Quarter, 410.94 feet; thence South 00 degrees 00 minutes 00 seconds East parallel with the West line of said Southwest Quarter, 530.00 feet; thence South 89 degrees 29 minutes 15 seconds West parallel with the North line of said Southwest Quarter, 410.94 feet to the West line

of said Southwest Quarter; thence North 00 degrees 00 minutes 00 seconds West along the West line of said Southwest Quarter, 530.00 feet to the point of beginning. Subject to a road right-of-way easement across the West 30.00 feet thereof. As shown on Certificate of Survey by Garber Surveying Services, P.A., dated January 7, 2010, Project No. G2010-02.

7. The subject five parcels of real estate were sold by the United States Marshals Service at an auction on January 25, 2010, to the following buyers for the price set forth as follows:

| Description | Buyers | Sales Price |
|---|---|---|
| Tract 1 | Chad, Christopher and Justin Ringwald | $249,600 |
| Tract 2 | Chad, Christopher and Justin Ringwald | $128,520 |
| Tract 3 | Barbara J. Arensman, Trustee of the Barbara J. Arensman Revocable Trust dated May 21, 1997 | $164,800 |
| Tract 4 | The Robl Family Limited Partnership | $324,000 |
| Tract 5 | David Manke | $342,550 |

8. On January 25, 2010, Dwayne Manke filed an action against staff of the United States Attorney's Office for the Western District of Missouri "as agents for the United States of America" in the District Court of Rice County, Kansas, in an attempt to contest the sale of the properties. The case was removed to the United States District Court for the District of Kansas and was ultimately dismissed by that Court on August 13, 2010. See Dwayne Leo Manke v. Bill Humenczuk, E. Eugene Harrison, Linda Parker Marshall, and Frances Reddis, all as agents for the United States of America, No. 10-1027-WEB (D. Kan). As a result of the litigation filed by Dwayne Manke and difficulty negotiating with a title insurance company to resolve concerns on the issuance of a title insurance policy, the closings on the sales of the properties were delayed.

9. The sale of Tract 4 to The Robl Family Limited Partnership was completed on March 23, 2011. *See* Amended Order for Distribution of Sale Proceeds and Establishing Remaining Amount of Restitution Judgment Against Defendant Norma Manke (Doc. 79). The proceeds from the sale of Tract 4 were distributed to victims on October 18, 2011.

10. Despite the issuance of the writ of execution and the finality of all of their attempts at continuing to litigate the writ of execution, the Mankes continued to farm and exert possession of the five tracts of land after the sale on January 25, 2010, and up through the summer of 2011. *See* Motion to Nullify Sale of Property and to Forfeit The Cash Deposit to the United States with Supporting Suggestions (Doc. 80).

11. Because of the problem with the Mankes' continuing to exert possession of Tracts 1, 2 and 3, and the title insurance company's exception regarding possession, the buyers of Tracts 1, 2 and 3, Chad, Christopher and Justin Ringwald,[1] initially refused to close on the sale. David Manke, Norman and Dwayne Manke's son, had purchased Tract 5 and also refused to close on the sale because he claimed the United States could not guarantee possession.

12. As a result of the Ringwalds' refusal to close due to the actions by the Mankes, the United States Attorney's Office sent letters to Norma and Dwayne Manke and David Manke, advising them that they must give up possession. Due to their failure to respond to the letters and comply with the requests, the United States Attorney's

---

[1] Chad, Christopher, and Justin Ringwald bought Tracts 1 and 2 at the sale on January 25, 2010. Barbara Arensman, Trustee of the Barbara J. Arensman Revocable Trust, who was the original purchaser of Tract 3, assigned her interest in the contract to the Ringwalds on March 1, 2011.

Office requested the United States Marshals Service for the District of Kansas to attempt to contact the Manke family and secure the properties. Deputies from the United States Marshals Service attempted to contact Norma and Dwayne Manke in June 2011, but were unable to find anyone at their home. The deputies posted the properties with signs indicating they were United States government property and warned against trespassing.

13. As a result of the efforts of the United States Marshals Service, the United States was able to close on Tract 1 with the original buyers, Chad, Christopher and Justin Ringwald. Those buyers, who had also purchased Tract 2, agreed to assign all their right, title and interest in that contract to The Robl Family Limited Partnership, with the consent of the United States, on September 15, 2011. Chad, Christopher and Justin Ringwald also assigned all their right, title and interest in the contract for Tract 3 to The Robl Family Limited Partnership on September 15, 2011, with the consent of the United States.

14. Closings on Tracts 1, 2 and 3 were completed in October 2011. *See* Second Motion for Order for Distribution of Sales Proceeds and Forfeited Earnest Deposit and Establishing Remaining Amount of Restitution Judgment Against Defendant Norma Manke (Doc. 84).

15. David Manke continued to refuse to close on his purchase of Tract 5 and, as a result, the United States filed its Motion to Nullify Sale of Property and to Forfeit the Cash Deposit to the United States in which the United States requested the Court to direct the United States Marshals Service for the District of Kansas to resell Tract 5 and forfeit David Manke's earnest deposit (Doc 80). Pursuant to the Court's Order (Doc. 81)

granting the United States' motion, the United States Marshals Service resold Tract 5 on January 12, 2012.

16. The proceeds of the sales of Tracts 1, 2 and 3 and the forfeited earnest deposit of $15,000 from Tract 5 were distributed by the Clerk's Office on February 15, 2012.

17. In an apparent attempt to stop the sale of Tract 5, Norma Manke served the United States Marshals Service for the District of Kansas on January 11, 2012, with a document she entitled "Notice of Acceptance and International Bill of Exchange" and attachments which included an allegation that the instrument(s) served somehow to pay off her obligation in this case.

18. As set forth in the Declaration of Logan Kline, Criminal Investigator Deputy United States Marshal, Norma and Dwayne Manke came to the sale at the Rice County, Kansas Courthouse on January 12, 2012, and made statements to potential buyers and threatening actions which caused the potential buyers to initially decline to bid on Tract 5 or to bid far below the property's fair market value. Based on comments made by several buyers at the sale, the United States Marshals Service requested the Mankes to leave because they were interfering with the sale. After they left the sale, the United States Marshals Service obtained and accepted a bid of $240,000 for the property.

19. Continuing her attempts to frustrate the sale, Norma Manke filed an Involuntary Petition in the United States Bankruptcy Court for the District of Kansas seeking to have the "United States Marshall" placed in involuntary Chapter 7 liquidation. On January 23, 2012, The Honorable Robert E. Nugent, United States Chief Bankruptcy Judge, District of Kansas, entered an order striking the petition.

20. Norma and Dwayne Manke also attempted to frustrate the sale of Tract 5 by filing with the Register of Deeds, Rice County, Kansas, on January 24, 2012, a document entitled "Declaration of Assignees Update of Patent." The filing of this document prevented the closing of the sale of Tract 5 due to the refusal of the title insurance company to issue title insurance to the buyer and his bank. On the same date, they filed similar documents against Tracts 1 through 4 despite the fact that the sales of those tracts were closed and the new buyers are in possession. As a result, the Mankes are asserting an ownership interest in all five tracts of land by filing these documents. These are the documents that are the subject of the United States' motion.

21. On February 21, 2012, Dwayne and Norma Manke executed and filed with the Rice County, Kansas Register of Deeds a Warranty Deed and a Quitclaim Deed by which they purport to convey Tract 5 from themselves to Danway Enterprises (A Trust).

22. As set forth in the United States' First Amended Application for a Writ of Execution Regarding Certain Real Estate Located in Rice County, Kansas (Doc. 26), an unrecorded and unsigned (although a notarial seal is affixed) document entitled "Deed-General Warranty" dated July 1, 1992, was discovered in documents seized from the Mankes during the course of the criminal investigation, by which Dwayne Manke and Norma D. Manke conveyed all five tracts of land to Eagle Two Trust. After Norma Manke plead guilty to an Information on May 27, 2004, Norma and Dwayne Manke formed a corporation called Daisy One, Inc., in the State of Nevada. On August 19, 2004, all five tracts were conveyed by quitclaim deed from Eagle Two Trust to Daisy One, Inc., with the deeds being recorded on August 31, 2004. On June 3, 2005, Daisy

One, Inc., executed quitclaim deeds conveying all five tracts to Danway Enterprises, 10362 Piccadilly Road, Avondale, Arizona. Danway Enterprises appeared to be an unincorporated business organization. Accordingly, at the time Norma and Dwayne Manke executed the Warranty Deed and Quitclaim Deed on February 21, 2012, from themselves to Danway Enterprises, the Mankes were no longer owners in the chain of title even without considering the Writ of Execution. However, the filing of the "Declaration of Assignees Update of Patent" appears to have been an attempt for them to assert ownership again.

23. After receiving copies of the "Declaration of Assignees Update of Patent" for Tract 5, the buyer, his bank, and the United States Attorney's Office were advised that Mo-Kan Title Insurance Company would not issue title insurance until the newly recorded instrument was declared null and void and of no legal effect on the title.

24. The amount remaining on the restitution judgment owed by Norma Manke after applying the net sales proceeds for the sales of Tracts 1, 2 , 3 and 4 and the earnest deposit on Tract 5 forfeited by David Manke, is $614,187.67. *See* Order for Distribution of Sales Proceeds and Forfeited Earnest Deposit and Establishing Remaining Amount of Restitution Judgment Against Defendant Norma Manke (Doc. 86).[2]

25. In the most recent attempt by Norma Manke to thwart the United States in its attempt to collect the restitution judgment, the Clerk's Office for the Western District of Missouri received by certified mail a check in the amount of $889,048.67 from Norma

---

[2] The last payment made by Norma Manke was on March 11, 2010.

Manke purportedly to payoff the balance of the restitution judgment. The check was processed using the procedures available to the Clerk's Office, but the check was returned with a notation that the bank was unable to locate the account.

26. The United States Attorney's Office has been advised by Rhonda Hunt, Register of Deeds, Rice County, Kansas, that under applicable state law she had no discretion to refuse to file the documents submitted by Norma and Dwayne Manke even though she was aware the five tracts of land had been sold by the United States. She further explained that the documents could not be removed from the county records, but that if they were declared null and void and of no legal effect such an order could be filed in the county records so that title to the properties would no longer be clouded by the documents.

27. Neither the Defendant Norma Manke nor her husband, Dwayne Manke, filed an objection to the United States' motion and the time for filing a response has expired.

Based upon its findings herein, the Court concludes as follows:

The documents entitled "Declaration of Assignees Update of Patent" filed by Dwayne and Norma Manke against the five tracts of land legally described herein, and which are the subjects of the Court's Writ of Execution, are patently frivolous documents intentionally filed by Norma and Dwayne Manke to thwart the efforts of the United States to collect the restitution judgment owed by Norma Manke and in blatant disregard for this Court's numerous orders addressing the writ of execution and the sale of those tracts of land. As well stated by the United States District for the Northern District of Indiana in Hilgeford v. Peoples Bank, 607 F. Supp. 536 (N.D. Ind. 1985), aff'd

776 F.2d 176 (7th Cir. 1985), and the other cases referenced in the United States' motion, a land patent does not apply to a conveyance of private property, nor can individuals grant land patents as the Mankes have attempted to do. Only the government can grant land patents. Furthermore, once a land patent has been awarded by the United States, there is no provision for a "update." The "Declaration of Assignees Update of Patent" claims an "allodial title via land patent." The concept of allodial title to land is an archaic concept not recognized in modern United States law for property ownership by individuals. See United States v. Miljus, No. 06-1832-PK, 2007 WL 4287608 *3 (D. Or. Dec. 3, 2007) (referring to Britt v. Federal Land Bank Ass'n. of St. Louis, 153 Ill. App. 3d 605, 505 N.E.2d 387, 106 Ill. Dec. 81 (1987), appeal denied by, 116 Ill. 2d 548, 515 N.E.2d 102 (Table), 113 Ill. Dec. 293 (1987)); see also Bray v. Bank of America, MERS., No. 1:09-CV-075, 2011 WL 30307 *13 (D. N.D. Jan. 5, 2011).

This Court further agrees with the conclusions of the District Court in Hilgeford that "[t]he Court cannot conceive of a potentially more disruptive force in the world of property law than the ability of a person to get 'superior' title to land by simply filling out a document granting himself a 'land patent' and then filing it with the recorder of deeds." 607 F. Supp. at 538. As the Court found in Hilgeford, this Court will not tolerate such obviously frivolous actions based upon documents which on their very face are legal nullities.

The actions by Norma and Dwayne Manke in filing the subject documents, which forced the United States to pursue further litigation by the filing of its motion, have caused a waste of judicial resources by requiring the Court to deal with a patently

12

frivolous attempt to prevent the collection of Norma Manke's restitution judgment.  The actions of Norma and Dwayne Manke have clouded the title to Tract Five and have also adversely affected the buyer of Tract Five by delaying the closing and the buyer's ability to take possession of the land.  Furthermore, the Mankes have clouded the titles of the four tracts of land previously sold and closed, harming the innocent purchasers of those tracts of land.

The Defendant Norma Manke and her husband Dwayne Manke have been given the opportunity to be heard in this action over a period of several years.  In fact, they have had more opportunities than the average litigant would normally receive.  There must be finality in our judicial orders and Defendant's continuous efforts, including those outside of the Court, must be addressed in order to prevent such abuse of the judicial process.  The Court will not tolerate any more of Norma Manke's extrajudicial attempts to undermine this Court's orders and, in general, the established judicial process.

For the reasons set forth in the United States' motion, injunctive relief is justified by the facts of this case.  The Mankes have shown that despite their many opportunities to contest the issuance of the writ in the judicial process of this Court and the District of Kansas, they are simply ignoring and showing contempt for the judicial process.  The public interest is served by enforcing the recognition of valid and final orders issued by this Court.  The judicial system would be ineffective and of no force if individuals such as the Mankes are allowed to ignore, and take affirmative action contrary to, such orders. Accordingly, the Court hereby **GRANTS** plaintiff's Motion for Declaratory and Injunctive Relief (Doc. # 87) and **DENIES** defendant's Motion to Dismiss (Doc. # 88).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

1. that all the documents filed by the Mankes with the Register of Deeds, Rice County, Kansas, against the subject five tracts of land after the issuance of the Writ of Execution, including but not limited to, the "Declarations of Assignees Update of Patent" and the Warranty Deed and Quitclaim Deed for Tract 5, be declared null, void and of no legal effect;

2. that a certified copy of this order be filed by the Register of Deeds, Rice County, Kansas, so that it is properly indexed to the five tracts of real property and to ensure that a search by name and by the grantor-grantee index will reflect the Court's order declaring the documents filed by Norma and Dwayne Manke, and any others acting on their behalf or in concert and participation with them, are null, void and of no legal effect;

3. that Norma Manke, Dwayne Manke, and any others acting on their behalf or in concert or participation with them, are permanently enjoined from filing or attempting to file any documents asserting any ownership, possessory or other interest in the five tracts of land legally described herein without leave of this Court and that they may be subject to contempt of this Court if they file any such documents against those properties in the future without leave of this Court; and

4. that Defendant Norma Manke pay the United States' its costs in this action.

Date: May 23, 2012　　　　　　　　　　　　**S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge